**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:13-CR-00014-LJO-SKO |
|        Plaintiff-Respondent, | MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S § 2255 MOTION:  **TIME SENSITIVE ORDER** |
|        v. | |
| FERNANDO CASAS, | |
|        Defendant-Petitioner. | |

## I. <u>INTRODUCTION</u>

Before the Court is Petitioner Fernando Casas's ("Petitioner," "Defendant," or "Casas") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on June 21, 2016. (ECF No. 31.) On August 12, 2016, the Government filed a motion to stay Petitioner's § 2255 motion. (ECF No. 34.) Petitioner opposed the stay. (ECF No. 35.) The Government filed its merits opposition on August 25, 2016. (ECF No. 37.) On September 30, 2016, the Court denied the Government's motion for a stay. (ECF No. 39.) Petitioner filed a merits reply on October 18, 2016. (ECF No. 41.) Having considered the parties' briefing and the record in this case, the Court GRANTS Petitioner's motion.

## II. <u>BACKGROUND</u>

On November 12, 2013, Casas was sentenced to 92 months in prison after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF No. 26.) At sentencing, he was found to qualify for a sentencing enhancement under United States Sentencing Guidelines ("USSG" or "Guidelines") § 2K2.1(a)(2) based on two prior convictions – one "crime of violence" conviction and one controlled substance offense. (ECF No. 31 at 1.) With the enhancement, Petitioner's

1

1   base offense level was set at 24. (Presentence Report ("PSR"), ECF No. 21 at 5.) Two points were added

2   for the firearm being stolen, and three were subtracted for acceptance of responsibility, bringing his total

3   offense level to 23 with a criminal history category of VI. (*Id.* at 5, 12.) The applicable Guidelines range

4   was determined to be 92 to 115 months. (*Id.* at 3.) On November 15, 2013, the Court entered a judgment

5   sentencing Casas to 92 months in prison. (ECF No. 26.)

6         Without the applicable sentencing enhancement under § 2K2.1(a)(2), the base offense level

7   would have been set at 20 pursuant to USSG § 2K2.1(a)(4), bringing his total offense level down four

8   points to 19. (ECF 31 at 1.) The corresponding Guidelines range for that offense level with a criminal

9   history category of VI is 63 to 78 months. (*Id.*)

10        Casas did not appeal his conviction or sentence. (ECF No. 31 at 2.) This is his first motion under

11  28 U.S.C. § 2255. (*Id.*)

12                              **III. <u>STANDARD OF DECISION</u>**

13        Section 2255 provides four grounds upon which a sentencing court may grant relief to a

14  petitioning in-custody defendant:

15              [1] that the sentence was imposed in violation of the Constitution
                or laws of the United States, or [2] that the court was without
16              jurisdiction to impose such sentence, or [3] that the sentence was in
                excess of the maximum authorized by law, or [4] is otherwise
17              subject to collateral attack.

18  28 U.S.C. § 2255(a). Generally, only a narrow range of claims that fall within the scope of § 2255.

19  *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a

20  fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United*

21  *States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

22                              **IV. <u>DISCUSSION</u>**

23        Petitioner challenges his sentence on the basis that the Guidelines calculation underlying his

24  sentence incorporated the same definition of a "crime of violence" that the Supreme Court determined

25  was unconstitutionally vague in the context of the Armed Career Criminal Act ("ACCA") in *Johnson v.*

26                                          2

1   *United States*, 135 S. Ct. 2551, 2563 (2016). Without the four point sentencing enhancement, the

2   sentencing range applicable to Petitioner would have been 63 to 78 months, rather than 92 to 115

3   months. (ECF No. 31 at 1-2.)

4        The ACCA provides that a defendant with three prior convictions for violent felonies must be

5   sentenced to a mandatory minimum of 15 years in prison.  18 U.S.C. § 924(e)(2)(B). The ACCA defined

6   the term "violent felony" in three clauses: the elements clause, the enumerated clause, and the residual

7   clause. *Id.* Under the residual clause, a 'violent felony' is one that "involves conduct that presents a

8   serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court

9   determined that the residual clause was unconstitutionally vague such that it "violate[d] the

10  Constitution's guarantee of due process." 135 S. Ct. at 2563. In *Welch v. United States*, the Supreme

11  Court held that its decision in *Johnson* announced a new substantive rule that applies retroactively to

12  cases on collateral review. 136 S. Ct. 1257, 1268 (2016)

13       Although Petitioner was sentenced under the Guidelines rather than the ACCA, the Guidelines'

14  definition of "crime of violence" includes an identical residual clause to the one held to be

15  unconstitutionally vague in *Johnson*. USSG § 4B1.2(a)[1] ("the term 'crime of violence' means any

16  offense . . . [that] otherwise involves conduct that presents a serious potential risk of physical injury to

17  another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (holding that the Ninth

18  Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of

19  violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the

20  residual clause[s]"). The Government concedes that the residual clause of § 4B1.2(a)(2) is

---

22  [1] At the time Petitioner was sentenced, section 4B1.2(a) of the Guidelines provided as follows:
23         The term "crime of violence means any offense under federal or state law, punishable by
           imprisonment for a term exceeding one year, that—
              (1) has as an element the use, attempted use, or threatened use of physical force against
              the person of another, or
24            (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise*
              *involves conduct that presents a serious potential risk of physical injury to another*.
25  USSG § 4B1.2(a) (emphasis added).

26

1   unconstitutionally vague after *Johnson*.[2] (ECF No. 37 at 14.) The Government further concedes that

2   after *Johnson*, Petitioner's conviction for evading a peace officer under California Vehicle Code

3   § 2800.2 is not a "crime of violence" within the meaning of remaining clauses of § 4B1.2(a). (*Id.* at 20.)[3]

4        Nonetheless, the Government contends that Petitioner is not entitled to relief under 28 U.S.C.

5   § 2255 for two reasons. First, the Government asserts that Petitioner procedurally defaulted his § 2255

6   claim because he did not raise the argument that the residual clause of § 4B1.2(a) was unconstitutionally

7   vague on direct appeal. (*Id.* at 10-14.) Second, the Government argues that *Johnson* does not apply

8   retroactively to challenges under the Sentencing Guidelines. (*Id.* at 14-19.)

9   **A.   <u>Procedural Default</u>**

10        To overcome a procedural default on collateral review, Petitioner must show cause and actual

11   prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To show "cause", a defendant "must

12   ordinarily . . . show that some factor external to the defense impeded counsel's efforts to comply . . .

13   with the procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A constitutional claim is

14   sufficiently novel where its "legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468

15   U.S. 1, 16 (1984). As the Supreme Court explained in *Reed*, a claim is not reasonably available to

16   counsel where "a decision of this Court . . . explicitly overrule[s] one of our precedents." *Id.* at 17.

17        Here, *Johnson* explicitly overruled two Supreme Court cases holding that the residual clause of

18   the ACCA was constitutional. *James v. United States*, 550 U.S. 192 (2007); *Sykes v. United States*, 564

19

20   [2] The majority of the courts of appeal to have considered this issue have assumed that *Johnson* invalidates § 4B1.2(a)(2)'s residual clause. *See, e.g.*, *United States v. Soto-Rivera*, 811 F.3d 53, 59 (1st Cir. 2016); *United States v. Welch*, 641 F. App'x

21   37, 43 (2d Cir. 2016) (per curiam); *United States v. Calabretta*, 831 F.3d 128, 133-34 (3d Cir. 2015); *United States v. Frazier*, 621 F. App'x 166, 168 (4th Cir. 2015) (per curiam); Order, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27,

22   2015); *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016); *Ramirez v. United States*, 799 F3d 845, 856 (7th Cir. 2015); *United States v. Taylor*, 803 F.3d 931, 932-33 (8th Cir. 2015) (per curiam); *United States v. Benavides*, 617 F. App'x

23   790, 790 (9th Cir. 2015) (per curiam); *United States v. Madrid*, 805 F.3d1204, 1210 (10th Cir. 2015); *In re Booker*, No. 16-3018 (D.C. Cir. June 10, 2016). The issue of whether the residual clause of § 4B1.2(a) is void for vagueness is currently

24   pending before the Supreme Court. *Beckles v. United States*, 616 F. App'x 415, 416 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (2016).

25   [3] The Court assumes, without deciding, that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague after *Johnson* and that California Vehicle Code § 2800.2 is not a "crime of violence" under the enumerated or elements clauses of § 4B1.2(a).

26

U.S. 1 (2011).  In *James*, the majority rejected the notion that the ACCA was unconstitutionally vague, stating: "[t]he statutory requirement that an unenumerated crime 'otherwise involv[e] conduct that presents a serious potential risk of physical injury to another' is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits." 550 U.S. at 210 n.6. Similarly, in *Sykes*, the majority declined the dissent's suggestion that the Court "admit that ACCA's residual provision is a drafting failure and declare it void for vagueness." 564 U.S. at 28 (Scalia, J., dissenting).[4] Shortly before *Johnson* was decided, the Ninth Circuit recognized that both "Supreme Court and Ninth Circuit precedent foreclose" arguments "that the ACCA's residual clause is unconstitutionally vague." *United States v. Martinez*, 771 F.3d 672, 678 (9th Cir. 2014)[5].

Petitioner was sentenced on November 12, 2013, after *James* and *Sykes*, but before *Johnson*. Therefore, at the time Petitioner was sentenced, a vagueness challenge to the identically worded residual clause in § 4B1.2(a) was foreclosed by Supreme Court precedent. *See United States v. Garcia*, ___ F. Supp. 3d ___, No 13-cr-00601-JST-1, 2016 WL 4364438, at *3 (N.D. Cal. Aug. 16, 2016) (petitioner challenging § 4B1.2(a) did not procedurally default argument by not raising it on direct appeal because argument was not "reasonably available" before *Johnson*); *United States v. Dean*, 169 F. Supp. 3d 1097, 1107-08 (D. Or. 2016) (same); *Gilbert v. United States*, Nos. C15-1855 JCC, CR12-0237 JCC, 2016 WL 3443898, at *2-3 (W.D. Wash. June 23, 2016) (same); *United States v. Stamps*, No. CR 13-238 CW, 2016 WL 3747286, at *3 (N.D. Cal. June 28, 2016) (same); *United States v. Snead*, No. CR 12-0649 CW, 2016 WL 4091548, at *3 (N.D. Cal. Aug. 2, 2016) (same).

Petitioner must also show prejudice by demonstrating that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

---

[4] Indeed, in *Sykes*, the Court was confronted with a prior conviction roughly equivalent to Petitioner's: fleeing from law enforcement in a vehicle. *Id.* at 8. There the Court held that felony vehicle flight was a "violent felony" under the ACCA residual clause. *Id.* at 16

[5] The Supreme Court granted *certiorari* in *Martinez* and vacated the decision in light of *Johnson*. 135 S. Ct. 2939 (2015).

*United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). In sentencing Petitioner to 92 months in prison, this Court adopted the United States Probation Office's ("Probation") findings and recommendation that 92 to 115 months was the appropriate sentencing range under the Guidelines, and then sentenced Petitioner to the low end of the Guidelines range. Had Petitioner not been eligible for an enhancement under § 2K2.1(a)(2), the applicable Guidelines range would have been 63 to 78 months. USSG § 2K2.1(a)(4). Therefore, it is highly probable that Petitioner's sentence would have been lower had this Court not sentenced him under the Guidelines' residual clause. Because Petitioner's claim was not "reasonably available" at the time of his direct appeal, and because he was prejudiced by the alleged error, he has established cause to excuse any procedural default.

**B.   Retroactive Application of *Johnson* to the Sentencing Guidelines**

In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court laid out the test for determining whether one of its opinions should apply retroactively to a final judgment in a criminal case. There are three steps to the *Teague* inquiry:

> First, the court must determine when the defendant's conviction became final. Second, it must ascertain the legal landscape as it then existed, and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule. That is, the court must decide whether the rule is . . . 'new.' Finally, if the rule is new, the court must consider whether it falls within either of the two exceptions to nonretroactivity.

*Beard v. Banks*, 542 U.S. 406, 411 (2004) (internal quotation marks and citations omitted). The two exceptions to nonretroactivity identified in *Teague* are: (1) if the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," and (2) "if it requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." 489 U.S. at 311. These two exceptions are categorized as the exception for "substantive rules" and the exception for "watershed rules of criminal procedure." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004).

1    The Court entered a final judgment sentencing Petitioner on November 15, 2013. Petitioner did

2    not appeal his conviction or sentence. As the Government concedes, the rule announced in *Johnson* was

3    new because *Johnson* overruled prior Supreme Court precedent. 136 S. Ct. at 1264; (ECF No. 37 at 15).

4    The first two prongs of the *Teague* analysis are satisfied.

5    As the Supreme Court held in *Welch*, "*Johnson* does not fall into the limited second category for

6    watershed procedural rules." *Id.* at 1264. Therefore, the remaining question is whether the rule

7    announced in *Johnson* is substantive as it applies to the Sentencing Guidelines.

8    In *Welch*, the Court held that *Johnson* announced a new, substantive rule that changed the . . .

9    reach of the [ACCA] . . . altering the range of conduct or the class of persons that the law punishes." *Id.*

10   at 1264-65 (internal quotations marks and citations omitted). The Court went on to explain that before

11   *Johnson*, a person with three violent felony convictions who possessed a firearm would face 15 years in

12   prison, whereas after *Johnson*, the same person would face at most 10 years in prison. *Id.* at 1265.

13   According to the Court, "even the use of impeccable factfinding procedures could not legitimate a

14   sentence based on [the residual] clause." *Id.* (internal quotation marks and citations omitted). Therefore,

15   "[i]t follows that *Johnson* is a substantive decision." *Id.* The Court further concluded that *Johnson* was

16   not a procedural decision, noting that it did not affect the "range of permissible methods a court might

17   use to determine whether a defendant should be sentenced under the [ACCA], nor did it "allocate

18   decisionmaking authority between judge and jury . . . or regulate the evidence the court could consider

19   in making its decision." *Id.* (internal quotation marks and citations omitted).

20   The Court's reasoning in *Welch* applies with equal force in the context of the Sentencing

21   Guidelines. The elimination of the residual clause narrows the scope of the sentencing enhancement, and

22   changes the conduct and the class of persons that are subject to it. This case illustrates the change in the

23   "range of conduct or class of persons" punished as a result of *Johnson*. *Welch*, 136 S. Ct. at 1264-65.

24   While the recommended sentence for Petitioner under the Guidelines was 92 to 115 months with the

25   sentencing enhancement under § 2K2.1(a), without the enhancement it is 63 to 78 months. As in

26

*Johnson*, the "same person engaged in the same conduct is no longer subject to" the same sentencing range if the sentencing enhancement provision no longer applies. *Id.* at 1265. The invalidation of the residual clause moves Petitioner from one class of defendants under the Guidelines to another. That is how the Supreme Court has defined "substantive" decisions for the purpose of determining retroactivity. *Id.*; *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 725, 736 (2016) (holding that new ruling that juveniles could not be sentenced to life without parole without accounting for their youth applied retroactively because, although some juveniles would still be sentenced to life without parole, many would not be). Furthermore *Johnson* did not announce a procedural rule with respect to the Guidelines for the same reasons it did not announce one with respect to the ACCA. The removal of the residual clause in the Guidelines does not change the procedures that a judge goes through in sentencing, nor does it change the evidence that the court considers. Rather, it changes the scope of the enhancement itself.

Other courts in this circuit have held that *Johnson* applies retroactively to the residual clause in § 4B1.2(a) of the Guidelines. As it does for the ACCA, "*Johnson* substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines." *Snead*, 2016 WL 4091548, at *5 (quoting *Dean*, 169 F. Supp. 3d at 1119); *see also Stamps*, 2016 WL 3747286, at *5-6 (same); *Gilbert*, 2016 WL 3443898, at *4. This analysis is also consistent with controlling Ninth Circuit precedent. In *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011), the Ninth Circuit determined that its prior decision in *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007), should apply retroactively. In *Grisel*, the court held that second-degree burglary under Oregon law was not categorically burglary for purposes of determining whether a sentencing enhancement should apply under the ACCA. 488 F.3d at 850-51. In *Reina-Rodriguez*, the Ninth Circuit considered whether *Grisel* was a substantive rule that therefore applied retroactively under *Teague* in the context of the Sentencing Guidelines, not the ACCA. 655 F.3d at 1189. Without distinguishing between *Grisel* in the ACCA context and *Grisel* in the Guidelines context, the Ninth Circuit determined that *Grisel* should apply

retroactively to the Guidelines enhancement. *Id.* at 1189-90. In so holding, the Ninth Circuit implicitly found that "a rule that is substantive in the first context is substantive in the second context." *Dean*, 2016 WL 1060229, at 1118. Therefore, under *Reina-Rodriguez*, *Johnson* is a substantive rule in the Guidelines context. *Garcia*, 2016 WL 4364438, at *6.

The Government's argument that errors in sentencing under the Guidelines are procedural rather than substantive is misplaced. The Court's reasoning in *Welch* for applying *Johnson* retroactively does not hinge on the fact that the ACCA imposed a mandatory minimum rather than a discretionary sentencing range. Rather, the Court noted that whether a rule is substantive or procedural turns on "the function of the rule at issue." *Welch*, 136 S. Ct. at 1266. As the Court held, where a new rule affects the scope of the conduct or class of persons impacted by the rule, it is substantive. *Id.* at 1265. Although the Guidelines are advisory, judges must consider them during sentencing. *Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013). The Supreme Court recently observed that "when a Guidelines range moves up or down, offenders' sentences move with it." *Id.* at 2084 (noting that the Guidelines "remain the lodestone of sentencing"). After *Johnson*, certain defendants, like Petitioner, will no longer be eligible for certain enhancements and will most likely be given shorter sentences. *Johnson* therefore altered the "range of conduct or class of persons" that the Guidelines punish. *Gilbert*, 2016 WL 3443898, at *4; *see also Montgomery*, 136 S. Ct. at 725, 736 (new rule was substantive and retroactive even though courts maintained discretion in sentencing).

Because *Johnson* applies retroactively to the Sentencing Guidelines, Petitioner succeeds in showing that his sentence was imposed in violation of the Constitution. Therefore, the Court GRANTS his § 2255 petition, VACATES his sentence, and orders that a new sentencing hearing be set.

## V. <u>CONCLUSION AND ORDER</u>

Accordingly, **IT IS HEREBY ORDERED:**

1. In light of *Johnson v. United States*, 135 S. Ct 2551 (2015), Petitioner Fernando Casas's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 31) is **GRANTED**.

2. Casas's sentence, (ECF No. 26), is **VACATED**.

3. Probation **SHALL** file a short supplement to the Presentence Report (ECF No. 21) advising the Court of any relevant information pertaining to Petitioner's time in custody on or before November 14, 2016.

4. The Court **ORDERS** that a resentencing hearing be set for Monday, November 21, 2016 at 9:30 AM. The parties **SHALL** file all further documents pertaining to resentencing on or before November 17, 2016. The reason for the expedited sentencing is that Petitioner may be eligible for immediate release.

IT IS SO ORDERED.

Dated:   __November 2, 2016__        _____/s/ Lawrence J. O'Neill_____
                                     UNITED STATES CHIEF DISTRICT JUDGE